Minshall, J.
It may well be questioned whether the plaintiff was entitled to an injunction ag’ainst the tax levied by the trustees of Jackson township, upon the case made by him in his original and amended petition. It will appear from an examination of the statute authorizing the division of townships, now embraced in sections 1385 and 1386, Revised Statutes, that the original township and all parts and portions of the same, remain liable for all claims and demands existing against it at the time of the division. At the time of the division in 1872, the original township of Jackson was, by an act of the legislature, liable for the payment of bounties to the veteran volunteers that had been credited to it. This liability was discharged by the new township, retaining the name of Jackson, with money obtained by an issue of bonds that it subsequently paid off. But the liability discharged was as much a liability of Jefferson in proportion to the value of its property for taxation, as it was of the township of Jackson; and there is no question but that under the statute, its trustees might, instead of issuing bonds, have made a levy upon the taxable property in both townships, for that purpose; or might have done so to pay the bonds as they matured. Instead of this, Jackson township paid the bonds and made a levy upon the taxable property of Jefferson for its estimated portion of the indebtedness, one-third, that being the part of the funds *296 received by Jefferson belonging to the original township at the time of the division. Now all that can be alleged against the course pursued is, that it was irregular, and may be in excess of the amount for which a levy could rightfully be made. So that, without an averment, and which is not made, that the amount assessed was in excess of the amount justly due, what standing had the plaintiff in equity ? That a part was due there can be no doubt; 'and if he claimed an excess he should in equity have tendered the amount due, and asked an injunction against the balance, according to the maxim, that he who asks equity must do equity. But the argument is, that the township of 'Jackson, by paying the indebtedness, extinguished it, and cannot, therefore, assert any claim upon it against Jefferson. This, however, is contrary to the well settled principle, that where one of two or more jointly or severally liable for the payment of a debt, pays it, the one so paying, has in equity a claim for contribution against his co-debtors. Payment under such circumstances, does not extinguish the debt as to them, but keeps it alive for the purpose named; and no reason is perceived why it should not apply to this, as to any similar case. But we do not dispose of the case on this ground.
The judgment ordering the payment of the costs out of the fund created by the payment of the special tax, and the remainder to Jefferson township, is erroneous; no reason is perceived for it, and it must be reversed. Jefferson township is not a party to the suit, and if it was, it, as a township, is not shown to have had any interest in, or title to the fund whatever. The taxes were paid by persons residing in it; and, if wrongfully *297 levied and collected, each, as an individual, had the right in a proper ease, to recover back what he paid. The suggestion that if Jackson township was not entitled to the money, it cannot complain of the order made, is without force. It is a fundamental principle in the law of recovery, that a defendant’s possession of a thing cannot be disturbed by one who fails to show a better right. In this case the treasurer’s possession of the money was that of Jackson township; and it has therefore, a perfect right to complain of the order made.
But it also appears as we think from the pleadings, that judgment should have been rendered for the defendants, dismissing the petition; and that the court erred in overruling the motion for such judgment. By the amended and the supplemental petition, it appears that, since the commencement of the suit, the taxes had all been paid by those assessed, except that of the plaintiff, whose lands having’ been returned delinquent, were sold and the taxes, some 14 cents, paid by the purchaser. So that as to him there was nothing to enjoin, the tax having been paid; and there was nothing for him to recover back, as he had paid nothing. Having’ permitted his land to be sold, without enforcing the injunction against it, as he might have done, his remedy thereafter was to apply to the auditor of the county for its redemption, under the provisions • of the statute in that regard, for the redemption of delinquent lands. Section 2889 and the following sections. The remedy is an adequate one, but can not be had in this suit, which, under the supplemental petition, is an action to recover back the tax, alleged to have been unlawfully assessed, and paid under duress. But if he, *298 as the others, had paid the tax, there is no rule of pleading or practice by which he for himself and the others can prosecute an action to recover back the money so paid. A suit to recover back is quite different in the grounds upon which a recovery can be had, from a suit to enjoin a tax. In the latter case, each is not only interested in the question involved, but a judgment may be rendered in favor of all as a class, upon substantially the same case, and terminate the litigation. Not so in an action. to recover back money paid under duress. In such case the judgment must not only be for each according to the amount due him, but must depend upon whether each as an individual, paid voluntarily or involuntarily.
But beyond this question of practice, it is shown by the supplemental petition that the payment by all of those who made payment was a. voluntary act on the part of each; and that there is no ground for a recovery back by any of them. It appears from the record that at the commencement of the suit a temporary order was made restraining the •collection of the tax until the further order of the court; and that it was during the pendency of this order that the payments were made. The averment of the supplemental pleading’ is: “That since the commencement of this action, and since the allowance and service of the injunction heretofore granted herein, which injunction has not been modified, and is still in full force and effect in law, the defendant, Christian Shonert, as treasurer of said county, unlawfully, in violation of said injunction, and in contempt of this court, did collect and receive the whole of said ‘special tax,’ and now has the same in the county treasury.” In this state of the case it is not possible to perceive how *299 the parties, or any of them, can he said to have involuntarily paid any part of the tax for which a recovery is now sought. /They were under no legal compulsion to do so. If they paid because of the threat of the treasurer to return their lands as delinquent and cause them to be sold, or to take any other coercive step, it was their own folly, during the pendency of the injunction, to have listened to or been influenced by such threat. With the injunction in force, the treasurer was powerless to adopt any compulsory steps whatever. If he had attempted to do so, he could at once have been attached and punished by the court for disobeying its order. So that each must have paid with entire freedom from - anything like duress in law. It may not have been done with alacrity, but it was none the less a voluntary act. ^ Ample protection is afforded by law to the taxpayer against illegal levies. He may in the first instance enjoin the collection; or, having been compelled to pay under circumstances, deemed duress in law, and against his protest, he may recover back the amount paid; but it is unnecessary and contrary to its policy to permit both remedies to be adopted and pursued at the same time. Where the remedy by injunction is resorted to and a temporary restraining order obtained, he cannot be coerced into payment during its pendency,.and payment under such circumstances must be deemed a voluntary act, or as a waiver of any objection to the validity of the tax. \
Jtidgment reversed, and judgment for the defendants beloto, dismissing the aeUon of the plaintiff.